IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION<br>NO. 08-229-02 |
| BARCLAY WARREN, | |
| Defendant. | |

**OPINION**

**Slomsky, J.**                                                                                       **February 29, 2024**

**I.     INTRODUCTION**

Before the Court is Petitioner Barclay Warren's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.[1]  (Doc. No. 166)  The crux of Petitioner's argument is that his conviction for using and carrying a firearm during a "crime of violence," in violation of 18 U.S.C. § 924(c)(1)(A), should be vacated because neither his Hobbs Act robbery conviction under 18 U.S.C. § 1951(a) nor his carjacking conviction under 18 U.S.C. § 2119 is a "crime of violence."  For reasons that follow, the Court disagrees.

A conviction under 18 U.S.C. § 924(c)(1)(A) provides additional penalties to "any person who, during and in relation to any crime of violence. . .uses or carries a firearm."[2]  Id.  But it requires as part of the offense a qualifying "crime of violence."  Id.  A "crime of violence" is defined in the statute as an offense that is a felony and;

(A) has as an element the use, attempted use, or threatened use of physical force against

---

[1]   On September 13, 2021, this case was transferred from the Honorable Jan E. Dubois to the Honorable Joel H. Slomsky.  (Doc. No. 183.)

[2]   Under 18 U.S.C. § 924(c), the mandatory minimum punishment rises to seven (7) years if the defendant brandished a firearm, and ten (10) years if the firearm was discharged.  See 18 U.S.C. § 924(c)(1)(A)(ii)-(iii).

1

> the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3).

The first clause in subsection (A) is known as the "elements" clause, and the second clause in subsection (B) is known as the "residual" clause. In United States v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court held that the "residual" clause in § 924(c)(3)(B) is unconstitutionally vague. Therefore, an offense that had previously been considered a "crime of violence" under the "residual" clause is no longer a "crime of violence" that can serve as a predicate offense for a § 924(c)(1)(A) conviction.

Petitioner argues that even without applying the "residual" clause, his § 924(c)(1)(A) conviction should be vacated because his Hobbs Act robbery and carjacking convictions are not crimes of violence under the "elements" clause. But while Petitioner is correct that the "residual" clause is unconstitutional, Davis has no effect on his § 924(c)(1)(A) conviction because his Hobbs Act robbery and carjacking convictions qualify as "crimes of violence" under the surviving "elements" clause. See United States v. Stoney, 62 F.4th 108 (3d Cir. 2023); United States v. Smith, No. CV 19-2257, 2021 WL 2135947, at *1 (3d Cir. May 11, 2021). For this reason, the Court will deny Petitioner's § 2255 Motion (Doc. No. 166) without an evidentiary hearing and a certificate of appealability will not be issued.

## II.     BACKGROUND

On June 16, 2013, pursuant to a guilty plea agreement with the Government, Petitioner pled guilty to the following offenses: (1) Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count One); (2) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C § 1951(a) (Count Two); (3) carjacking, in violation of 18 U.S.C. § 2119 (Count Three); and (4) using and

carrying a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1)(A), (c)(1)(B)(i) (Count Four).  (Doc. No. 47.)  These convictions stem from a robbery and carjacking of an owner of a Chinese restaurant, who was delivering food.  (See Doc. No. 1.)

On September 15, 2008, the Court sentenced Petitioner to 120 months' imprisonment, five years' supervised release, and to pay a fine of $750, restitution of $100 and a special assessment of $400.  (See Doc. No. 89.)  Petitioner did not appeal the sentence.

On June 17, 2016, Petitioner filed the instant § 2255 Motion pursuant to 28 U.S.C. § 2255. (Doc. No. 166.)  In his Motion, he argues that the predicate crimes of Hobbs Act robbery and carjacking do not qualify as "crimes of violence" under 18 U.S.C. § 924(c)(3).  (See id.)  For reasons that follow, Petitioner's Motion (Doc. No. 166) will be denied without an evidentiary hearing, and a certificate of appealability will not be issued.

### III. STANDARD OF REVIEW

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside or correct the sentence" where: (1) the sentence imposed was in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence was otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  Section 2255(b) provides the procedure for reviewing the motion:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the

issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

§ 2255(b).

The district court is given discretion in determining whether to hold an evidentiary hearing on a prisoner's motion under § 2255. See United States v. Vaughn, 704 F. App'x 207, 211 (3d Cir. 2017); Gov't of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the court must decide whether the petitioner's claims, if proven, would entitle him to relief and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. See Gov't of the Virgin Islands v. Weatherwax, 20 F.3d 572, 574 (3d Cir. 1994). Accordingly, a district court may summarily dismiss a motion brought under § 2255 without a hearing where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.'" United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting United States v. Day, 909 F.2d 39, 41–42 (3d Cir. 1992)); see also United States v. Arrington, 13 F.4th 331 (3d Cir. 2021); Forte, 865 F.2d at 62.

IV. ANALYSIS

In his § 2255 Motion, Petitioner argues that his conviction on Count Four for using and carrying a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1)(A), (c)(1)(B)(i), should be vacated because neither his Count One Hobbs Act robbery conviction nor his Count Two carjacking conviction is a "crime of violence" under the "elements" clause in § 924(c)(3)(A).

But before discussing the merits of Petitioner's "crime of violence" argument, the Court must address whether his § 2255 Motion was timely filed. First, Petitioner's Motion was timely

filed. Petitioner filed his Motion pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f)(3) provides that a one-year period of limitation applies to § 2255 motions running from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Here, Johnson was decided by the United States Supreme Court on June 26, 2015 which held that the "residual" clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. See Johnson, 576 U.S. 591 (2015). Petitioner filed his § 2255 Motion on June 17, 2016. (See Doc. No. 166.) The Third Circuit Court of Appeals has held that § 2255 motions dealing with the residual clause of § 924(c)(1)(B) are timely filed within one year of the Supreme Court's Johnson decision. See United States v. Collazo, 856 F. App'x 380, 383 (3d Cir. 2021). Although Petitioner's remaining argument here after the Johnson and Davis cases only involves the "elements" clause, the Court will construe the allegations in his § 2255 Motion liberally and hold that Defendant's Motion is timely filed under 28 U.S.C. § 2255(f)(3).

Next, the Court will turn to the merit of Petitioner's argument. As previously discussed, § 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence.'" United States v. Davis, 139 S. Ct. 2319, 2324 (2019) (quoting 18 U.S.C. § 924(c)(1)(A)). The statute defines a "crime of violence" as:

> an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (B), commonly referred to as the "residual" clause, was held unconstitutional by the Supreme Court in United States v. Davis, 139 S. Ct. 2319, 2324 (2019). Subsection (A), commonly referred to as the "elements" clause, requires a court to determine "whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." Stoney, 62 F.4th at 113.

Turning first to Petitioner's Hobbs Act robbery conviction, in Stoney, the Third Circuit concluded that a completed Hobbs Act robbery qualifies as a "crime of violence" under the "elements" clause. Id. Thus, Petitioner's Count One conviction for Hobbs Act robbery can serve as a predicate "crime of violence" for his Count Three § 924(c) conviction.

In addition, Petitioner's Count Three carjacking conviction is also a "crime of violence" under the "elements" clause. The Third Circuit has held that carjacking in violation of 18 U.S.C. § 2119[3] is a "crime of violence" under the "elements" clause of § 924(c)(3)(A). See United States v. Smith, No. CV 19-2257, 2021 WL 2135947, at *1 (3d Cir. May 11, 2021). In denying a certificate of appealability, the Third Circuit stated that "reasonable jurists would not debate the conclusion that carjacking in violation of 18 U.S.C. § 2119 categorically constitutes a crime of

---

[3] 18 U.S.C. § 2119 states:

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—(1) be fined under this title or imprisoned not more than 15 years, or both, (2) if serious bodily injury . . . results, be fined under this title or imprisoned not more than 25 years, or both, and (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

18 U.S.C. § 2119.

violence under the elements clause." Id.  And every other court of appeals to consider the matter has agreed that carjacking in violation of § 2119 is categorically a "crime of violence" under the "elements" clause of § 924(c)(3)(A).  See United States v. Felder, 993 F.3d 57, 80 (2d Cir. 2021) (holding that federal carjacking is a crime of violence under the "elements" clause of § 924(C)(3)(A)); see also Estell v. United States, 924 F.3d 1291, 1293 (8th Cir. 2019) (same); United States v. Jackson, 918 F.3d 467, 485-86 (6th Cir. 2019) (same); United States v. Cruz-Rivera, 904 F.3d 63, 66 (1st Cir. 2018) (same); United States v. Evans, 848 F.3d 242, 246-48 (4th Cir. 2017) (same), In re Smith, 829 F.3d 1276, 1280-81 (11th Cir. 2016) (same).

Here, the Third Circuit's decisions are binding on this Court.  Petitioner pled guilty to Hobbs Act robbery and carjacking.  (See Doc. Nos. 1, 47.)  Accordingly, following Stoney and Smith, Petitioner's Hobbs Act robbery and carjacking convictions qualify as "crimes of violence" under the "elements" clause and satisfy § 924(c)(1)'s predicate requirement.  Therefore, Petitioner's challenge to his conviction fails.

## V.  CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion (Doc. No. 166) is without merit and will be denied without an evidentiary hearing because the record shows conclusively that he is not entitled to relief.  When a court issues a final Order denying a § 2255 motion, the court must also decide whether to issue or deny a certificate of appealability.  See 28 U.S.C. § 2255, R. 11(a).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The Court will not issue a certificate of appealability in this case because Petitioner failed to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  An appropriate Order follows.